UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
AMY AXELROD, INC. and AMY AXELROD,      :
                        Plaintiffs,     :
                                        :      07 Civ. 891 (DLC)
            -v-                         :
                                        :      OPINION AND ORDER
SIMON & SCHUSTER, INC.,                 :
                        Defendant.      :
                                        :
----------------------------------------X

Appearances:

For Plaintiffs:
Paul C. Rapp
348 Long Pond Road
Housatonic, MA 01236

For Defendant:
Marcia B. Paul
Teena H. (Kim) Lee
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019


DENISE COTE, District Judge:

        Plaintiffs Amy Axelrod ("Axelrod"), an author of children's

books, and Amy Axelrod, Inc. ("AAI"), the educational literature

company of which Axelrod is president and principal shareholder,

bring the instant action against Simon & Schuster, Inc. ("S&S")

for breach of contract, breach of covenant of good faith and

fair dealing, fraud, copyright infringement, contributory or

vicarious copyright infringement, and mischaracterizing special

sales.  Plaintiffs are citizens of New York and signatories,

parties in interest, and/or third party beneficiaries to six publishing contracts with S&S, a New York corporation, and its predecessor in interest for the publication of a series of books that teach children mathematics and feature whimsical pig characters (the "Pigs Series").[1]  Defendant has moved to dismiss the plaintiffs' amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state claims of copyright infringement, contributory infringement or vicarious liability, and fraud.  It moves to dismiss plaintiffs' remaining state law claims pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction.  Plaintiffs have cross-moved for leave to file a second amended complaint adding a claim for breach of fiduciary duty.  For the reasons explained below, the defendant's motion is granted only with respect to plaintiffs' fraud claim.  Plaintiff's motion to amend is denied.

BACKGROUND

The following facts are drawn from the amended complaint and the six publishing agreements, which are integral to the amended complaint.  Plaintiffs are "recognized leaders in the field of integration of children's literature and mathematics." Axelrod has six publishing contracts with S&S pursuant to which the defendant has published in hardcover and paperback versions

---

[1] Only Axelrod is party to each of the six publishing agreements.

the eight Pigs Series' titles she has authored.[2]  Each of these titles "are subject to federal copyright registrations in the name of Plaintiff Amy Axelrod."  Despite the "continuing and demonstrable market demand" for the Pigs Series, recent years have witnessed a sharp decline in their sales and the accompanying royalties due to Axelrod.

Under the publishing agreements between Axelrod and S&S, the plaintiff granted the defendant the sole and exclusive right to print, publish, distribute and/or sell her work.  Each of the agreements set forth a schedule for royalty payments to be made by S&S to Axelrod, and permit the defendant to sell the titles at "remainder" prices under specified circumstances.  The first two publishing agreements provide that

> [i]f at any time after **two** year(s) from publication of the Work, [S&S] has copies on hand which, in its judgment, cannot be sold through usual marketing channels, [S&S] may sell such copies at a "remainder price", that is, at a special discount of sixty percent (60%) or more from the retail list price.  All copies sold at a remainder price shall be accounted for separately and not included in sales totals, and the royalty on each copy sold shall be **five** percent (5%) of the net amount received by [S&S] reduced by the manufacturing cost.  [S&S] will not pay any royalties on copies sold at or below manufacturing cost.

(Emphasis in original.)[3]  The other four agreements provide that

---

[2] Representative titles include <u>Pigs Will Be Pigs</u>, <u>Pigs Go To Market</u>, and <u>Pigs in the Pantry</u>.

[3] The equivalent provision in the second publishing agreement, dated February 28, 1994, grants Axelrod a ten percent royalty on remainder sales.

> [i]f, in the opinion of [S&S], any edition of the Work
> shall have ceased to have a remunerative sale, [S&S] shall
> be at liberty to dispose of all or part of the existing
> stock thereof and will pay to [Axelrod] a royalty of two
> and one-half percent (2.5%) of the amount received by
> [S&S], except that no royalty shall be payable on any
> copies sold at or below the cost of manufacture.  In any
> event, copies sold at a discount of eighty-five percent
> (85%) or more from the suggested catalog retail price shall
> be deemed sales upon which no royalty shall be due.  [S&S]
> shall make no remainder sale without first offering copies
> to [Axelrod] at the estimated remainder price.  Inadvertent
> failure to offer such copies to [Axelrod] shall not be
> deemed a breach of this Agreement.

Plaintiffs claim that S&S discontinued carrying the Pig Series books and secretly sold paperback editions at remainder or otherwise deeply discounted prices to third parties who allegedly rebound them and sold them as hardcover editions (the "rogue rebinders").  These rebinders purportedly "acquire deeply discounted versions of the Titles and rebind them with specialized and altered hardcovers . . . ."  The rogue rebinders remove S&S's logos off of the book covers and replace the original International Standard Book Numbers (ISBN) with new ISBN numbers specific to the illegitimate editions.  While plaintiffs receive either a "heavily reduced 'special sale' softcover royalty or no royalty from Defendant's sale of a deeply discounted or remaindered softcover stock to the rogue rebinder," the rogue rebinders sell their versions of the titles at the full hardcover price.

According to plaintiffs, S&S failed to disclose that the titles were out of print, did not inform plaintiffs of its decision to discontinue the books, and prevented them from demanding a reversion of their rights or seeking a different publisher.  They also contend that the defendant failed to disclose the disposition of thousands of copies of the titles that were sold as remaindered stock to rogue rebinders and off-price bookstores, and provided fraudulent and incorrect information to plaintiffs' auditor in the course of a 2005 audit of the defendant's books.  According to plaintiffs, the defendant allegedly "engineered the demise of Plaintiffs' publishing career" by "surreptitiously" withdrawing Axelrod's books from the general market, using the rogue rebinders to meet market demand for hardcover copies.  In the process, it generated cash for itself and avoided paying Axelrod the royalties owed to her.

Plaintiffs filed the complaint on March 1, 2006 in the Northern District of New York seeking damages and the reversion of all rights to books published pursuant to the publishing agreements with S&S.  The defendant moved to dismiss on April 17 for lack of subject matter jurisdiction and/or improper venue, pursuant to Rules 12(b)(1) and 12(b)(3), Fed. R. Civ. P., and for discretionary transfer of the action to this Court pursuant to 28 U.S.C. § 1404(a).  On February 1, 2007, the motion to

dismiss was denied, the claims arising from the first two publishing agreements were transferred to this Court pursuant to 28 U.S.C. § 1406(a), and the remaining claims were transferred pursuant to Id. § 1404(a).  Axelrod v. Simon & Schuster, Inc., No. 06 Civ. 266 (LEK/RFT) (N.D.N.Y. Feb. 1, 2007) (order denying motion to dismiss and transferring case).  The action was transferred to this Court's docket on February 6.

Plaintiffs filed an amended complaint on April 4, alleging that S&S 1) breached the publishing agreements, 2) violated the covenant of good faith and fair dealing, 3) engaged in fraud, 4) infringed Axelrod's copyright by exceeding the terms of the publishing agreements, which are "licenses by which the Defendants [sic] have certain limited rights to exploit the Plaintiffs' copyrights," 5) contributed to the rogue rebinders' infringements of Axelrod's copyrights, and 6) mischaracterized special sales.  The defendant moved to dismiss the amended complaint pursuant to Rules 12(b)(6) and 12(b)(1) on April 25. The plaintiffs opposed this motion and cross-moved to amend the complaint on June 1.  Both motions were fully briefed on June 21.[4]

---

[4] In support of its motion, S&S submitted one affidavit authenticating the six publishing agreements at issue in this case.  In opposition, the plaintiffs submitted one affidavit authenticating an August 4, 2004 letter written by Jennifer K. Weidman, vice president and senior counsel of S&S, to one of the alleged "rogue rebinders."  The question of whether the

DISCUSSION

S&S seeks dismissal of the plaintiffs' copyright infringement and fraud claims for failure to state a claim.  It also moves to dismiss plaintiffs' remaining claims for breach of contract, breach of covenant of good faith and fair dealing, and mischaracterization of special sales for lack of subject matter jurisdiction on the ground that the parties are not diverse. The plaintiffs in turn seek to amend their complaint by adding a claim for breach of fiduciary duty.

I. Motion to Dismiss for Failure to State a Claim

Under the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed. R. Civ. P.[5]  "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose

publishing agreements are properly considered on a motion to dismiss for failure to state a claim is addressed below.

[5] The defendant has not argued that plaintiffs' fraud claim fails to meet the heightened pleading standard of Rule 9(b), Fed. R. Civ. P.

a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo,
544 U.S. 336, 347 (2005).  When considering a motion to dismiss
under Rule 12(b)(6), a trial court must "accept as true all
factual statements alleged in the complaint and draw all
reasonable inferences in favor of the non-moving party."
McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.
2007) (citation omitted).  At the same time, "conclusory
allegations or legal conclusions masquerading as factual
conclusions will not suffice to defeat a motion to dismiss."
Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d
Cir. 2006) (citation omitted).  A court must apply a "flexible
'plausibility standard,' which obliges a pleader to amplify a
claim with some factual allegations in those contexts where such
amplification is needed to render the claim plausible." Iqbal
v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in
original).

Although the focus should be on the pleadings in
considering a motion to dismiss under Rule 12(b)(6), the court
will deem the complaint to include "any written instrument
attached to it as an exhibit or any statements or documents
incorporated in it by reference." Mangiafico v. Blumenthal, 471
F.3d 391, 398 (2d Cir. 2006) (citation omitted).  Even if the
plaintiff does not attach to the complaint or incorporate by
reference "a document upon which it solely relies and which is

integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." Holowecki v. Fed. Express Corp., 440 F.3d 558, 565-66 (2d Cir. 2006) (citation omitted).  The necessity of transforming a Rule 12(b)(6) motion into a motion for summary judgment is "largely dissipated" when the plaintiff is shown to have had actual notice of the document extrinsic to the complaint and to have relied upon the document to frame the complaint. Cortec Indus., Inc. v. Sum Holdings, L.P., 949 F.2d 42, 48 (2d Cir. 1991).  When a "complaint relies heavily upon [the] terms and effect" of a document, such as a contract, it is considered "integral" to the complaint. Mangiafico, 471 F.3d at 398.  In the event that a contract extrinsic to the complaint is properly considered on a motion to dismiss, a court is "not constrained to accept the allegations of the complaint in respect of the construction of the [contract]." Int'l Audiotext Network, Inc. v. American Tele. & Tele., 62 F.3d 69, 72 (2d Cir. 1995). The court must, however, "strive to resolve any contractual ambiguities in [the plaintiffs'] favor."  Id.

While the six publishing agreements are not attached to or incorporated by reference in the amended complaint, they are properly considered on the instant motion.  They are integral to the complaint because they provide the basis for plaintiffs'

breach of contract claim and the point of departure for their
claims under the Copyright Act, 17 U.S.C. § 101 et seq., which
allege that the defendant violated the statute by exceeding the
scope of the license granted to it by the agreements to
reproduce the Pigs Series titles.  The complaint "relies heavily
upon [the] terms and effect" of the six publishing agreements.
Mangiafico, 471 F.3d at 398.


A. Copyright Infringement

     The defendant argues that the plaintiffs fail to allege
claims under the Copyright Act.[6]  To establish a claim of

---

[6] Plaintiffs claim that "[d]efendant's motion, while nominally
labeled a motion under F.R.C.P. 12(b)(6)[,] is[] at its core[]
an attempted end-run around" the Court of Appeals' decision in
Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343 (2d Cir.
2000), which sets forth the test for determining subject matter
jurisdiction over "claims of [copyright] infringement arising
from, or in the context of, an alleged contractual breach."  Id.
at 355 (abrogating three-step test of Schoenberg v. Shapolsky
Publishers, Inc., 971 F.2d 926 (2d Cir. 1992), and confirming
test articulated in T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d
Cir. 1964)).  "[A]n action 'arises under' the Copyright Act if
and only if the complaint is for a remedy expressly granted by
the Act, e.g., a suit for infringement . . . or asserts a claim
requiring construction of the Act."  T.B. Harms, 339 F.2d at 828
(citation omitted); see also Bassett, 204 F.3d at 349 ("[I]f the
complaint alleges copyright infringement or seeks an injunction
under the Copyright Act, under T.B. Harms the federal court has
jurisdiction.").  Plaintiffs contend that by merely changing the
appellation of the motion, S&S invites the Court "to engage in
precisely those inquiries that Bassett holds are inappropriate,
particularly [at] the earliest stage of a hybrid
contract/copyright litigation."  As the defendant's silence in
its motion effectively concedes, there is undoubtedly federal
jurisdiction here because the complaint meets the T.B. Harms

copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." County of Suffolk, New York v. First Am. Real Estate Solutions, 261 F.3d 179, 187 (2d Cir. 2001) (emphasis in original) (citation omitted). "[T]he fact that a party has licensed certain rights to its copyright to another party does not prohibit the licensor from bringing an infringement action where it believes the license is exceeded or the agreement breached." Tasini v. N.Y. Times Co., Inc., 206 F.3d 161, 170 (2d Cir. 2000), aff'd, 533 U.S. 483 (2001).  Whether the parties dispute the existence of the license or its scope, "an infringement claim may be brought to remedy unauthorized uses of copyrighted material." Tasini, 206 F.3d at 171.

The complaint sufficiently pleads a claim for copyright infringement.  It alleges, and the defendant does not dispute, that each of Axelrod's eight titles "are subject to federal

---

test.  It seeks "[a]n award of up to $150,000 per act of copyright infringement" and attorney fees pursuant to the Copyright Act, and "asserts a claim requiring construction of the Act," T.B. Harms, 339 F.2d at 828, by alleging that the defendant exceeded its license to reproduce the plaintiffs' books and that it contributed to infringement by third party rogue rebinders.

copyright registrations in the name of Plaintiff Amy Axelrod."
It also contends that the defendant reproduced these works in
violation of the license granted to S&S, thereby infringing the
copyrights.  Since "[i]t is at least possible" that the
plaintiffs may demonstrate a violation of the Copyright Act,
their claim withstands defendant's motion under Rule 12(b)(6).
Chosun Int'l, Inc. v. Chrisha Creations, Ltd., 413 F.3d 324, 329
(2d Cir. 2005).

     The defendant's contention that "[w]hen a copyright owner
grants a license . . . to use the copyrighted material, s/he
waives any right to sue the licensee for copyright infringement"
is flatly contradicted by Second Circuit authority.  Tasini, 206
F.3d at 170-71 (explicitly recognizing claims for copyright
infringement even where plaintiff has licensed certain rights).
None of the authorities on which the defendant relies undermines
Tasini or its application to this motion.  Indeed, most of them
do not even address the adequacy of a pleading.  For example,
Arthur Guinness & Sons, PLC v. Sterling Publ'g Co., Inc., 732
F.2d 1095, 1101 (2d Cir. 1984), affirmed a preliminary
injunction; Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884
F.2d 675, 684 (2d Cir. 1989), modified and affirmed a grant of
summary judgment; TVT Records v. Island Def Jam Music Group, 412
F.3d 82, 92-93 (2d Cir. 2004), Graham v. James, 144 F.3d 229,
236 (2d Cir. 1998), Bourne v. Walt Disney Co., 68 F.3d 621, 629

(2d Cir. 1995), <u>United States Naval Inst. v. Charter Commc'ns, Inc.</u>, 936 F.2d 692, 695-96 (2d Cir. 1991), and <u>Nolan v. Sam Fox Publ'g Co., Inc.</u>, 499 F.2d 1394, 1399-1400 (2d Cir. 1974), reviewed judgments entered following trial.  While the defendant has cited lower court cases that considered Rule 12(b)(6) motions, none of these decisions suggests a reading of the law that would limit the impact of the <u>Tasini</u> decision on this motion.  The motion to dismiss plaintiffs' copyright claim is therefore denied.


B. Contributory or Vicarious Infringement

A holder of a copyright may bring a claim for contributory or vicarious infringement of its rights under the Copyright Act. While "[t]he Copyright Act does not expressly render anyone liable for infringement committed by another," its express language does not preclude "the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity."  <u>Sony Corp. of Am. v. Universal City Studios, Inc.</u>, 464 U.S. 417, 434-35, (1984).

> [T]he concept of contributory infringement is merely a
> species of the broader problem of identifying the
> circumstances in which it is just to hold one individual
> accountable for the actions of another.

Id. at 435; see also Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971).  To establish contributory infringement, the plaintiff is required to show that the defendant "authorized the infringing use."  Softel, Inc. v. Dragon Med. & Scientific Communc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997) (citation omitted).

The complaint has stated a claim for contributory or vicarious infringement by alleging that the defendant "sold remaindered or deeply discounted copies of Plaintiffs' Titles to the rogue rebinders with knowledge that [they] would create and distribute infringing derivative works," thereby facilitating infringement of Axelrod's copyrights.  The remaining arguments pressed by S&S concerning the contributory infringement claim, including reference to the first sale doctrine, do not require dismissal of this claim.  The motion to dismiss the contributory or vicarious infringement claim is denied.

C. Fraud Claim

The defendant claims that the plaintiffs fail to plead a claim for fraud.  A fraud claim will not lie under New York law if it arises "out of the same facts as plaintiff's breach of contract claim."  Telecom Intl. Am., Ltd. v. AT&T Corp., 280

F.3d 175, 196 (2d Cir. 2001) (citation omitted).[7]  In order to succeed on a fraud claim arising from a breach of contract, a plaintiff must show: (1) "a legal duty separate from the duty to perform under the contract"; (2) "a fraudulent misrepresentation collateral or extraneous to the contract"; or (3) "special damages that are caused by the misrepresentation and unrecoverable as contract damages."  Bridgestone/Firestone v. Recovery Credit Servs., 98 F.3d 13, 20 (2d Cir. 1996).

Plaintiffs allege that S&S "failed to disclose to Plaintiffs that the Titles had been taken out of print," and provided fraudulent and incorrect information regarding the sale of remaindered titles to plaintiffs' 2005 auditor by

> fail[ing] to disclose . . . the disposition of thousands of copies of the Titles that were sold as remaindered stock to rogue rebinders and off-price booksellers, fail[ing] to provide the auditor with correct bindery notices and print edition information, . . . [and] further provid[ing] the auditor with fabricated sales and return data, which formed the basis of the audit.

Plaintiffs also allege that the defendant issued fraudulent royalty statements based on the fabricated sales and return data.

---

[7] The parties do not dispute that New York law applies to plaintiffs' state law claims.  The complaint alleges that the defendants' misrepresentations or omissions were committed in New York where the defendant, a New York corporation, maintains its principal place of business, Axelrod resides, and AAI is incorporated.

Plaintiffs fail to plead sufficiently a claim for fraud. Even with the allegation that the "[d]efendant's statements amount to fraud with the intent to hide Defendant's wrongful acts," "the fraud claim is redundant and plaintiff's sole remedy is for breach of contract."  Telecom Intl. Am., 280 F.3d at 196 (citation omitted).  The plaintiffs have not pointed to any separate legal duty to support the fraud claim or any special damages.  Nor have they identified a representation collateral to the contract.  The plaintiffs' allegations that the defendant allegedly failed to disclose its sales of deeply discounted and remaindered titles and reported false information to plaintiffs' auditor are premised on their failure to adhere to contractual duties to disclose that arise from the publishing agreements. In short, the plaintiffs' fraud claim rests entirely on the duties contained in the agreements.  To the extent that the plaintiffs allege a misrepresentation or omission in connection with contractual representations and commitments, then these allegations support plaintiffs' claim for breach of contract. The plaintiffs' claim for fraud is dismissed.


II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Having found that the plaintiffs have stated claims for infringement and contributory or vicarious infringement under the Copyright Act, the plaintiffs' state law claims for breach

16

of contract, breach of covenant of good faith and faire dealing, and mischaracterization of special sales will not be dismissed for lack of subject matter jurisdiction.

## III. Motion to File Second Amended Complaint

Plaintiffs request permission to amend the complaint to include a claim for breach of fiduciary duty against the defendant.  This additional claim would allege that "[b]y virtue of the author/publisher relationship, Defendant owes a fiduciary duty to Plaintiffs not to tolerate or participate in infringing or other activity that damages the value or commercial viability of literary property."  It would also contend that

> By tolerating, facilitating, encouraging, and allowing the rogue rebinders' sales of hard-cover versions of the Titles in direct competition with legitimate [T]itles while simultaneously withholding legitimate Titles from the general trade market place, Defendant breached its fiduciary [sic] to Plaintiffs, and is liable to Plaintiffs therefore.

Plaintiffs seek compensatory damages as relief for this claim.

Rule 15(a), Fed. R. Civ. P., permits a party to amend a pleading "by leave of court" after the filing of a responsive pleading, and indicates that "leave shall be freely given when justice so requires."  Id.  "[I]t is within the sound discretion of the district court to grant or deny leave to amend," and a court may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."

McCarthy, 482 F.3d at 200-01.  A court must, however, provide a reason for its denial.  Id. at 201.

Under New York law, where parties to a contract deal in an "arms length" commercial transaction, a fiduciary relationship will not be found "absent extraordinary circumstances."  Mid-Island Hosp., Inc. v. Empire Blue Cross & Blue Shield, 276 F.3d 123, 130 (2d Cir. 2002) (citation omitted).  Thus, a conventional business relationship "without more" is not converted into a fiduciary relationship "by mere allegation."  Oursler v. Women's Interart Ctr., 566 N.Y.S.2d 295, 297 (App. Div. 1991); see also Ne. Gen. Corp. v. Wellington Adver., Inc., 624 N.E.2d 129, 132-33 (N.Y. 1993).

The plaintiffs' proposed language for a breach of fiduciary duty claim does not allege that the parties had anything more than a conventional business relationship between an author and her publisher.  Nor do the plaintiffs propose to add any factual allegations to those already provided in the complaint.  Its contention that S&S "tolerat[ed], facilitate[ed], encourage[ed], and allow[ed] the rogue rebinders' sales of hard-cover [sic] versions of the Titles in direct competition with legitimate [T]itles while simultaneously withholding legitimate Titles from the general trade market place," already appear in other locations of the amended complaint and were offered to support the breach of contract claim.  Based on the plaintiffs'

submission on the instant motion, the second amendment of the complaint to add a breach of fiduciary duty claim would be futile. Plaintiffs' cross-motion for leave to amend the complaint pursuant to Rule 15(a) is therefore denied as futile.

CONCLUSION

The defendant's April 25, 2007 motion to dismiss is granted with respect to plaintiffs' claim for fraud, and denied as to its claims for copyright infringement and contributory or vicarious copyright infringement. The motion to dismiss the remaining state law claims for lack of subject matter jurisdiction is denied, as is the plaintiffs' June 1, 2007 cross-motion to amend the complaint.

SO ORDERED:

Dated:    New York, New York
          August 27, 2007

                                    DENISE COTE
                            United States District Judge

19