```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
AMY AXELROD, INC. and AMY AXELROD,      :
                    Plaintiffs,         :
                                        :      07 Civ. 891 (DLC)
          -v-                           :
                                        :        MEMORANDUM
SIMON & SCHUSTER, INC.,                 :      OPINION AND ORDER
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiffs:
Paul C. Rapp
348 Long Pond Road
Housatonic, Massachusetts 01236

For Defendant:
Marcia B. Paul
Christopher J. Robinson
Davis Wright Tremaine LLP
1633 Broadway
New York, New York 10019

DENISE COTE, District Judge:

Plaintiffs Amy Axelrod ("Axelrod") and Amy Axelrod, Inc. ("AAI"), move for reconsideration of the August 27, 2007 Opinion and Order (the "Opinion") dismissing Axelrod's cause of action for fraud and denying her request to file an amended complaint alleging breach of fiduciary duty. For the following reasons, plaintiffs' motion is denied.

BACKGROUND

As described in greater detail in the Opinion, Axelrod is a children's book author.  Pursuant to a series of contracts with defendant publishing company Simon & Schuster ("S&S"), S&S has published hardcover and paperback versions of eight titles Axelrod authored.  Sales of those titles have markedly decreased in recent years, and in the instant lawsuit Axelrod attributes that decline to S&S and seeks to hold the company liable.  According to plaintiffs, the defendant "engineered the demise of Plaintiffs' publishing career" by "surreptitiously" withdrawing Axelrod's books from the general market and turning to rogue rebinders to meet market demand for hardcover copies.

After transfer from the United States District Court for the Northern District of New York, plaintiffs filed an amended complaint on April 4, 2007, alleging that S&S 1) breached the publishing agreements, 2) violated the covenant of good faith and fair dealing, 3) engaged in fraud, 4) infringed Axelrod's copyright by exceeding the terms of the publishing agreements, which are "licenses by which the Defendants [sic] have certain limited rights to exploit the Plaintiffs' copyrights," 5) contributed to the rogue rebinders' infringements of Axelrod's copyrights, and 6) mischaracterized special sales.  S&S moved to dismiss the amended complaint, and plaintiffs cross-moved to amend the complaint.  The Opinion, dated August 27, granted in

part and denied in part the motion to dismiss; the cross-motion to amend the complaint was denied.

The Opinion held that plaintiffs had stated claims against S&S for copyright infringement and contributory or vicarious infringement, but had failed to state a claim for fraud because such a claim will not lie under New York law if it arises "out of the same facts as plaintiff's breach of contract claim." Telecom Intl. Am., Ltd. v. AT&T Corp., 280 F.3d 175, 196 (2d Cir. 2001) (citation omitted). Plaintiffs had not alleged any legal duty separate from those contained in the contract, nor any collateral representation, that could have supported a fraud cause of action. Likewise, because plaintiffs' proposed language for a breach of fiduciary duty claim did not allege the "extraordinary circumstances," Mid-Island Hosp., Inc. v. Empire Blue Cross & Blue Shield, 276 F.3d 123, 130 (2d Cir. 2002) (citation omitted), required to transform a generic contractual relationship into a fiduciary one, the cross-motion to amend the complaint was denied as futile.

DISCUSSION

Plaintiffs now move for reconsideration, ostensibly arguing that "important factual and legal issues" were overlooked in the Opinion. A motion for reconsideration should be granted only where the moving party demonstrates that the court has overlooked factual matters or controlling precedent that were

3

presented to it on the underlying motion and that would have changed its decision.  <u>See</u> S.D.N.Y. Local Civil Rule 6.3; <u>Shrader v. CSX Transp. Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  <u>Id.</u> at 257.

Local Rule 6.3 "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court."  <u>Zoll v. Jordache Enter. Inc.</u>, No. 01 Civ. 1339(CSH), 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003) (citation omitted).  The moving party may not "advance new facts, issues or arguments not previously presented to the Court."  <u>Geneva Pharm. Tech. Corp. v. Barr Labs</u>, Inc., No. 98 Civ. 3607(RWS), 2002 WL 1933881, at *1 (S.D.N.Y. Aug. 21, 2002) (citation omitted).  The decision to grant or deny the motion is within the sound discretion of the district court.  <u>See</u> <u>Devlin v. Transp. Commc'n Int'l Union</u>, 175 F.3d 121, 132 (2d Cir. 1999).

Plaintiffs first argue that the Opinion erred in denying their cross-motion to amend the complaint because it overlooked New York legal precedent finding a fiduciary relationship between publisher and author "pursuant to special circumstances or in cases where a publisher's conduct is sufficiently egregious that mere breach causes of action provide insufficient

4

relief." None of this law was cited in plaintiffs' cross-motion to amend. Indeed, plaintiffs offered absolutely no legal support -- other than a citation to the legal standard for amendment -- for their cross-motion. Rather, based on the facts pleaded in support of the other causes of action, plaintiffs sought to add a claim that, "[b]y virtue of the author/publisher relationship, Defendant owes a fiduciary duty to Plaintiffs not to tolerate or participate in infringing or other activity that damages the value or commercial viability of literary property." As the Opinion held, this statement, without more, is incorrect as a matter of law, and thus amendment of the complaint would have been futile.

Second, plaintiffs contend that they sufficiently pleaded a cause of action for fraud in their complaint because they alleged fraud in the inducement, a breach of fiduciary duty, and a failure of reasonable care. They claim that these are the requisite duties separate from the contract or misrepresentations collateral to the contract, which the Opinion deemed absent from the complaint, thus providing no basis for a fraud cause of action under New York law. As noted in the Opinion, the complaint's sole averment sounding in fraud was that "[d]efendant's statements amount to fraud with the intent to hide Defendant's wrongful acts." This was insufficient to plead a fraud cause of action, and it remains so. Plaintiffs'

5

efforts, made for the first time on this motion for reconsideration, to cast the complaint's allegations in a new light to salvage a fraud claim are precisely the sorts of "repetitive arguments on issues that have been thoroughly considered by the court," Zoll, 2003 WL 1964054, at *2 (citation omitted), that must be rejected on a motion for reconsideration.

CONCLUSION

Plaintiffs' September 12 motion to reconsider the August 27 Opinion and Order is denied.

SO ORDERED:

Dated:   New York, New York
         October 16, 2007

_____
DENISE COTE
United States District Judge

6